IN RE A.E.R.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-057-CV

IN THE INTEREST OF 

A.E.R., A MINOR CHILD 

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Charles R. appeals from a Domestic Relations Order (DRO) entered in connection with the trial court’s clarification of the agreed divorce decree between appellant and appellee Tina E.  In one issue, appellant contends that the trial court did not have jurisdiction to include in the DRO provisions (1) requiring appellant to name appellee as a former spouse beneficiary entitled to benefits under the Armed Forces Survivor Benefit Plan and (2) entitling appellee to medical and dental benefits, and commissary and post exchange privileges, as the former spouse of a member of the armed forces.  We reverse and remand.

Background

The trial court entered an Agreed Decree of Divorce between appellant and appellee on August 3, 1992.  In connection with the decree, the trial court entered a Qualified Domestic Relations Order (QDRO) governing the division of appellant’s military retirement benefits.  In response to a motion for modification of conservatorship and child support that appellant filed in October 2003, appellee filed a motion seeking to enforce certain parts of the decree by contempt, in particular, the following provision awarding appellee a percentage of appellant’s military retirement benefits:

[Appellee] is awarded the following as [her] sole and separate property, and [appellant] is divested of all right, title, interest, and claim in and to such property:

[Appellant] is a participant in a retirement program with the United States Army.  Fifty percent (50%) of retirement benefits from this plan as of August 3, 1992, pursuant to the following provision:

This Agreed Decree of Divorce shall be a “Qualified Domestic Relations Order” pursuant to section 4[14](p) of the Internal Revenue Code and Chapter 76, Title 110B, TX. Rev. Civ. Statutes.  In compliance with that provision, a separate order entitled “Qualified Domestic Relations Order” is attached hereto.

In her motion for enforcement of the decree, appellee asked the trial court to enforce this provision by contempt, or if it was not definite enough to be enforceable by contempt, to clarify the decree so that it would be enforceable by contempt.  
See
 
Tex. Fam. Code Ann.
 § 9.008 (Vernon 1998).  Appellee claimed she was entitled to past-due payments of $550 per month from August 1, 1998 through November 1, 2003; she did not ask that she be named a former spouse beneficiary under appellant’s Armed Forces Survivor Benefits Plan, nor did she plead for medical and dental coverage and commissary and post exchange benefits as a former spouse of a member of the armed forces.

After a hearing on appellee’s motion, the trial court found that the decree was not enforceable by contempt but that it should be clarified.  The court found that appellant was in arrears $15,208.94 from May 2002 through April 2004 and that interest of $1,204.43 had accrued.  Appellant does not contest this award to appellee.
(footnote: 2)  In its order clarifying the decree, the trial court delineated how appellee’s percentage of appellant’s retirement benefits should be calculated and paid.  It did not order that appellee be named as a former spouse beneficiary under the Armed Forces Survivor Benefits Plan, nor did it order that appellee receive medical and dental benefits and commissary and post exchange privileges as appellant’s former spouse.  However, the accompanying DRO entered by the trial court included such provisions.
(footnote: 3)  It is the inclusion of those provisions in the DRO that appellant challenges on appeal.
(footnote: 4)  

Applicable Law

A trial court has continuing jurisdiction to enter a QDRO permitting payments of retirement benefits when they become payable if it has not previously rendered such an order.  
Tex. Fam. Code Ann.
 § 9.101; 
In re Marriage of Jones
, 154 S.W.3d 225, 228 (Tex. App.—Texarkana 2005, no pet.).  In addition, if the QDRO in place does not “satisfy the requirements of a [QDRO] . . . the court retains continuing, exclusive jurisdiction over the parties and their property to the extent necessary to render” one.  
Tex. Fam. Code Ann.
 § 9.104; 
Jones
, 154 S.W.3d at 228.

Although these sections allow a trial court to create a QDRO where none exists, or to correct language in a QDRO that renders it defective, they do not permit a court to substantively change a property division.  
Jones
, 154 S.W.3d at 228.  While the court may enter a “clarifying order” to enforce compliance with an insufficiently specific decree, a court “may not amend, modify, alter, or change the division of property made or approved in the decree of divorce.”  
Tex. Fam. Code Ann
. §§ 9.007(a), 9.008; 
Shanks v. Treadway
, 110 S.W.3d 444, 449 (Tex. 2003).  Altering the substantive division of property made in a final divorce decree is beyond the power of the trial court, and such a change is unenforceable.  
Tex. Fam. Code Ann
. § 9.007(b); 
In re Marriage of McDonald
, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied).  The trial court must enforce the decree as written, not as it should have been written.  
Shanks
, 110 S.W.3d at 447; 
Cox v. Carter
, 145 S.W.3d 361, 366 (Tex. App.—Dallas 2004, no pet.).

Section 9.007 of the Texas Family Code is typically read in tandem with section 9.008.  
Jones
, 154 S.W.3d at 228.  Under section 9.008, a QDRO that is not defective, but is not clear enough to be enforceable by contempt, is treated as requiring clarification and is not handled under the subchapter controlling the creation or implementation of a QDRO.  
See Shanks
, 110 S.W.3d at 449; 
Jones
, 154 S.W.3d at 228; 
Marshall v. Priess
, 99 S.W.3d 150, 155-62 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Thus, section 9.103 of the Texas Family Code allows creation of a QDRO, section 9.104 allows correction of a QDRO that is defective, and section 9.008 allows clarification of a QDRO that is technically adequate but for some reason needs to be made clearer.  
Jones
, 154 S.W.3d at 228.  The DRO in this case was clarified under section 9.008.

To determine whether the inclusion of the two complained-of provisions in the new DRO was a proper clarification of the 1992 QDRO, we must determine whether the provisions “more precisely specify the manner of carrying out a previously ordered property division” in the decree or if they impermissibly “amend, modify, alter, or change the division of property made or approved in the decree.”  
Tex. Fam. Code Ann
. § 9.007(a); 
Jones
, 154 S.W.3d at 228 n.6; 
Dechon v. Dechon
, 909 S.W.2d 950, 956 (Tex. App.—El Paso 1995, no writ).  When interpreting a divorce decree, courts apply the general rules regarding judgments.  
Shanks
, 110 S.W.3d at 447.  If the decree read as a whole is unambiguous as to the property’s disposition, the court must interpret the language literally, but if 
the decree is ambiguous, the court should review the record along with the decree to aid in interpreting the judgment.  
Id
.  In addition, if a decree is ambiguous, courts should adopt the construction that correctly applies the law.  
Id
.   Whether a decree is ambiguous is a question of law.  
Id
.

Analysis

Here, as appellee points out in her brief, both the decree and the first QDRO “failed to address th[e] issue of the survivor benefit plan,” and “[t]he record is completely devoid of any agreement between the parties concerning anything except the reimbursement of medical expenses [for A.E.R.], [and] Appellant’s dates of marriage, enlistment in the service, divorce and retirement from the service.”  The 1992 decree and QDRO concern only the payment of appellee’s fifty percent of the retirement benefits payable to appellant; they do not require appellant to name appellee as a former spouse beneficiary for the purpose of providing her with a survivor annuity under his retirement plan, nor do they state that appellee is entitled to medical and dental benefits, and commissary and post exchange privileges, as a former spouse.  

Under federal law, a member of the armed forces who is entitled to retirement pay may elect to provide an annuity to a former spouse, payable to the former spouse upon the member’s death.  10 U.S.C.A. §§ 1448(a)(1)-(2), (b), 1450 (West 1998 & Supp. 2005).  The cost of the annuity is deducted from the member’s retirement pay.  
Id
. § 1452 (West 1998 & Supp. 2005).  Both the 1992 decree and QDRO state that the payment of retirement benefits to appellee ends on the death of either appellant or appellee; thus, neither contemplates the payment of survivor benefits to appellee.  Additionally, 10 U.S.C.A. sections 1062 and 1072(2)(F) and (G), which govern the entitlement of former spouses to commissary and post exchange privileges and medical and dental coverage, respectively, apply only upon the death of the service member.  
See
 10 U.S.C.A. §§ 1062, 1072(2)(F), (G) (West 1998).  Moreover, they are applicable only to former spouses who have not remarried and who were married to the service member at least twenty years.  
Id
.  Thus, not only is there nothing in the decree indicating that the parties agreed appellee would be entitled to these additional privileges, she is ineligible for them under federal law because she is remarried and she was not married to appellant for at least twenty years.  
We conclude that the parties’ agreed property division, as evidenced in the original decree and QDRO, did not contemplate that appellee would be entitled to additional benefits other than the receipt of a percentage of appellant’s retirement pay.

We hold that the complained-of additional provisions do not more precisely specify the manner of carrying out the original QDRO; instead, they impose additional obligations on appellant that, by appellee’s admission, were not included in the original decree or QDRO.  Therefore, the trial court did not have the authority to include these additional provisions in the DRO.  
See 
Tex. Fam. Code Ann
. §§ 9.007(a), (b), 9.008;
 Shanks
, 110 S.W.3d at 449.  We sustain appellant’s sole issue.

Conclusion

Having sustained appellant’s sole issue, we reverse the DRO and remand the case to the trial court for entry of a corrected DRO that deletes any reference to (1) appellee being entitled to survivor benefits, either as a surviving spouse or a former spouse, under 10 U.S.C.A. chapter 73 (the Armed Forces Survivor Benefit Plan), (2) appellee’s being entitled to medical and dental care under 10 U.S.C.A. chapter 55, and (3) appellee’s being entitled to commissary and post exchange privileges “to the same extent and on the same basis as a surviving spouse of a retired member of the United States Armed Forces.” 

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J., and DAUPHINOT, J.

DELIVERED: February 16, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant also does not challenge the trial court’s award of $1,308 in attorney’s fees to appellee.

3:
The DRO states that appellee is currently named a spouse beneficiary of appellant’s Armed Forces Survivor Benefit Plan and that appellant’s election to provide such benefits to appellee should be continued by appellee being designated as a former spouse beneficiary under the plan.  However, there is no evidence in the appellate record that supports this finding.

4:
Appellee contends that appellant did not preserve this issue for review, but a trial court’s subject matter jurisdiction may be raised for the first time on appeal.  
See Bland ISD v. Blue
, 34 S.W.3d 547, 553-54 (Tex. 2000); 
Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.
, 167 S.W.3d 522, 529 (Tex. App.—Fort Worth 2005, no pet.).